FILED

**NOT FOR PUBLICATION**

DEC 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDDIE D. WILSON,

               Plaintiff - Appellant,

   v.

KRD TRUCKING WEST,

               Defendant - Appellee.

No. 13-16787

D.C. No. 2:10-cv-00163-KJD-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

     Eddie D. Wilson appeals pro se from the district court's judgment following

a bench trial in his employment action alleging retaliation in violation of Title VII.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

court's conclusions of law and for clear error its findings of fact.  *U-Haul Int'l, Inc.*

_____

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009). We affirm.

The district court did not clearly err in finding that KRD Trucking West ("KRD") had no knowledge of Wilson's purported protected activity at the time KRD failed to hire Wilson in 2006 and that KRD's failure to hire Wilson was not causally connected to Wilson's purported protected activity. Accordingly, the district court correctly entered judgment for KRD on Wilson's retaliation claim. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (setting forth elements of a prima facie retaliation case under Title VII); *Raad v. Fairbanks N. Star Burough Sch. Dist.*, 323 F.3d 1185, 1197-98 (9th Cir. 2003) (decision makers' knowledge of protected activity necessary for causation).

The district court did not abuse its discretion in excluding the unauthenticated exhibits offered by Wilson at trial. *See* Fed. R. Evid. 901(a) (setting forth authentication requirement); *U-Haul Int'l, Inc.*, 576 F.3d at 1043 (applying abuse of discretion review to evidentiary rulings).

The district court did not abuse its discretion in instructing Wilson not to testify during Wilson's cross-examination of Ron Carlson, or in directing Wilson to limit his questions to those not previously asked and answered. *See Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1192-93 (9th Cir. 2005) (reviewing for abuse of discretion decision to limit cross-examination).

13-16787

We do not review the denial of Wilson's summary judgment motion on his retaliation claim because Wilson received a full trial on the merits of that claim. *See Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1358-59 (9th Cir. 1987) ("[T]he denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits.").

We do not consider issues raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam), nor do we consider issues raised in a brief but not supported by argument, *see Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996).

Wilson's motion to augment the record, filed on May 12, 2014, is denied. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**